HAYDEN & BANCROFT *v.* THE HEIRS OF H. M. SHIFF.

Where the right to the unexpired term of a lease, together with the movables on the premises, were sold under an execution against the lessee, and the leased premises were afterwards destroyed by fire—*Held:* That the purchaser had no right of action against the lessor for the repetition of the rent which had been paid to him on the distribution of the proceeds of the sale.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Race & Foster,* for plaintiffs and appellants. *Durant & Hornor,* for defendants.

VOORHIES, J.    *Charles Cottingham,* it appears, leased of defendants certain premises for the term of one year, from the 1st of November, 1853, for which he stipulated to pay them the monthly rent of $111 66⅔.

Having absconded, the movables found on the premises, together with his right to the unexpired term of the lease, were seized under different attachments and afterwards sold under an execution on a judgment in favor of *J. L. Bach & Co.,* the movables producing $2,141 98, and the unexpired term, of which the plaintiffs became the purchasers, $112.    On the distribution of the proceeds, the defendants received, in advance, the full amount of their rent, ending the 1st of November, 1854, and the plaintiffs retained in their hands the price of adjudication of the unexpired term, as the first attaching creditors thereof.    Shortly after the judicial sale, to wit, the 4th of June, 1854, the leased premises were destroyed by fire.    The present action is brought against the defendants for the repetition of the rent thus paid from the date of the destruction of the premises, until the expiration of the stipulated term of the lease.

The mere statement of the case, it seems to us, clearly shows the action to be groundless.    The plaintiffs by the adjudication, it is obvious, only acquired the right of *Cottingham* as lessee, burdened with the conditions or obligations implied by law.    We think it would be unreasonable to conclude, as being in legal contemplation, that the rent thus prepaid should, in the event of the distruction of the property, enure to their benefit as vendees of the unexpired term of the lease.    To hold that the claim for rent erroneously paid in advance also passed by the adjudication, cannot, we think, find any sanction in the law.    The lease was at an end not only by the adjudication *quo ad Cottingham,* but by the destruction of the property.    C. C. 2667 ; 11 An. 433.    Hence the sum thus erroneously applied to the payment of the rent, in advance, out of the forced sale of the movables must be considered as a debt due to *Cottingham,* and not to the plaintiffs.

Whether there was any error in the distribution of the proceeds of that sale or not, and what effect such distribution may ultimately have on the rights of the parties, are questions upon which we refrain from expressing any opinion.

Judgment affirmed.

SPOFFORD, J., took no part in this case.